**James HORVATH, Appellant**

v.

**PITTSBURGH PUBLIC SCHOOLS and/or Pittsburgh Board of Education and/or Pittsburgh Board of Public Education and/or The School District of Pittsburgh.**

Commonwealth Court of Pennsylvania.

Argued Nov. 12, 2013.

Decided Jan. 8, 2014.

George S. Gobel, McKeesport, for appellant.

Paul N. Lalley, Pittsburgh, for appellees.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

James Horvath appeals from the September 4, 2012, order of the Court of Common Pleas of Allegheny County (trial court) that affirmed the adjudication of the Board of Education of the Pittsburgh Public Schools (Board). The Board determined that because Horvath rejected an "appropriate offer of reinstatement," he lost his seniority rights for purposes of recall. We affirm.

On August 4, 2008, the School District of Pittsburgh (District), notified Horvath, a ten-year employee, that he was being furloughed from his position as an industrial arts/technology teacher. (Board's Findings of Fact, No. 2.) Horvath did not appeal the furlough or file a grievance. (*Id.*, No. 3.)

In September 2008, Horvath was notified that a placeholder position, for which he was certified, was available at Taylor Allderdice High School (Allderdice), due to the medical leave of absence of Timothy Evagash. (*Id.*, No. 5; Board's Decision at 5.) Horvath began working at Allderdice.

In October 2008, Marlene Harris, manager of recruiting and staffing for the District, contacted Horvath and offered him a permanent teaching position for which Horvath was certified. The position, which Harris characterized as "bona fide," was at McNaugher School (McNaugher). (Board's Findings of Fact, No. 6.) Horvath declined the position. (*Id.*, No. 7.) Harris asked for an email confirmation "so that we have this in writing that you understand what you are doing." (Board's Decision at 5.) Horvath replied: "I have decided to remain at ... Allderdice. Mr. Tim Evagash related to me verbally that, because of unforeseen medical reasons, he physically cannot return to work." (*Id.*)

Harris contacted the Pittsburgh Federation of Teachers (PFT), informing the PFT that Horvath declined the permanent position offered at McNaugher. (Board's Findings of Fact, No. 16.) Because Horvath refused the permanent position at McNaugher, the PFT and the District agreed that, in accordance with the collective bargaining agreement (CBA), the District was not required to offer Horvath another position. (*Id.*) The District and the PFT reached an agreement to place Horvath at the bottom of the seniority list. (*Id.*)

After the 2008–2009 school year, Horvath was notified that he was furloughed from his position at Allderdice because the position had been eliminated due to a decrease in enrollment. (Board's Findings of Fact, No. 8.) Horvath was also informed that he was not eligible to be reinstated because he had previously rejected an offer of permanent employment at McNaugher. (*Id.*)

On September 10, 2009, Horvath requested a hearing before the Board[1] in accordance with the Local Agency Law.[2] Horvath claimed his furlough was improp-

---

1. Horvath requested that the PFT file a grievance on his behalf. The PFT refused because Horvath was in a placeholder position at Allderdice, and the District's treatment of Horvath was consistent with the CBA. (R. at 252.)

2. 2 Pa.C.S. §§ 551–555, 751–754.

er and not in accordance with the Public School Code of 1949 (School Code).[3]

At the hearing, Harris testified that when she offered Horvath the permanent position at McNaugher, Horvath declined, stating that he wanted to stay at Allderdice. Harris stated that the offer of employment was an "appropriate offer of reinstatement" as provided in Article 31, Section 9(a) of the CBA. Harris discussed the issue of seniority with Horvath and informed Horvath that if he rejected the offer at McNaugher he would lose his seniority rights, including those for recall. Harris testified that Horvath acknowledged that, if he refused to take the McNaugher position, the District would have no further obligation to offer him another position.

George Gensure, staff representative for the PFT, also testified that the offer of employment at McNaugher was an "appropriate offer of reinstatement." (Board's Decision at 6.)

Horvath testified that he did refuse the position at McNaugher. However, Horvath maintained that he did not understand all of the risks and consequences associated with his decision to remain at Allderdice. Moreover, Horvath claimed that Harris did not advise him of the loss of his seniority rights for recall.

The Board concluded that Horvath rejected the position at McNaugher because he believed that he would be able to remain in the position at Allderdice. Horvath acknowledged that Harris "might have used that term *bona fide* or some kind of-it's a permanent position at [McNaugher], I said that well I'm here, I know Mr. Evagash is not coming back, therefore, I will stay here." (Board's Decision at 7.) The Board concluded that Horvath anticipated that Evagash would be unable to return to Allderdice but did not anticipate that the position at Allderdice would be eliminated. "Horvath clearly understood that the assignment at Allderdice was not a permanent position. . . ." (*Id.*, at 5.) The Board also noted that the PFT, a party to the CBA, agreed that in accordance with Article 31, Section 9(a) of the CBA, the position at McNaugher was an "appropriate offer of reinstatement" and that by refusing the offer, Horvath's seniority rights for purposes of recall were extinguished.

Horvath appealed to the trial court. The trial court concluded that the Board's findings were supported by substantial evidence and that the Board's conclusions included no legal error. The trial court affirmed the Board, and this appeal followed.[4]

Section 1125.1(a) of the School Code, *added by* the Act of November 20, 1979, P.L. 465, sets forth the general rule for determining the order of suspension/furlough and states that "[p]rofessional employes shall be suspended under section 1124 . . . in inverse order of seniority within the school entity of current employment." 24 P.S. § 11–1125.1(a). The order of recall is contained in section 1125.1(d)(2) of the School Code, which states in pertinent part:

Suspended professional employes or professional employes demoted for the reasons set forth in section 1124 shall be

---

3. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

4. Where the trial court takes no additional evidence, this court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the factual findings are supported by substantial evidence. *Samsel v. Uniform Construction Code Board of Appeals of Jefferson Township,* 10 A.3d 412, 413 n. 2 (Pa.Cmwlth.2010).

reinstated on the basis of their seniority within the school entity. No new appointment shall be made while there is such a suspended or demoted professional employe available who is properly certified to fill such vacancy. For the purpose of this subsection, positions from which professional employes are on approved leaves of absence shall also be considered temporary vacancies.

24 P.S. § 11–1125.1(d)(2). Section 1125.1(e) of the School Code further provides that "[n]othing contained in section 1125.1(a) through (d) shall be construed to supersede or preempt any provisions of a [CBA]." 24 P.S. § 11–1125.1(e).

Article 31, Section 9(a) of the CBA similarly addresses seniority and recall and provides:

Laid-off teachers will continue to be recalled to service in the order of their system seniority, subject to certification, with the most senior teacher being recalled first and so on. No new teachers may be hired until all laid-off teachers in their areas of certification either have been reinstated *or have declined an appropriate offer of reinstatement.*

(Emphasis added.)

Initially, we address the issues of whether the Board's findings are supported by substantial evidence and whether the Board committed an error of law.[5]

Horvath maintains that he had more seniority than two other teachers with the same certifications, and that for the 2009–2010 school year, he should have been recalled before the other two teachers. Specifically, Horvath argues that after his initial furlough in 2008, he accepted the first position offered to him at Allderdice.

Because he was employed at Allderdice, Horvath claims that he was no longer on furlough and, therefore, not required to accept the position at McNaugher. Horvath also maintains that Harris never informed him that he would lose his seniority rights if he refused the McNaugher position.

 We agree with the District, however, that because Horvath refused "an appropriate offer of reinstatement," he lost his seniority status. As acknowledged by Horvath, he taught at Allderdice because Evagash had taken a leave of absence. (Horvath's Brief at 11.) Thus, the position at Allderdice was a substitute or placeholder position because Evagash could return. *See* section 1101(2) of the School Code, 24 P.S. § 11–1101(2) (defining "substitute" as "any individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors.") A substitute position is non-permanent and is due to the temporary absence of the regular employee. *Kielbowick v. Ambridge Area School Board,* 668 A.2d 1228, 1230 (Pa.Cmwlth.1995). Although Horvath believed, based on information provided to him by Evagash and others, that Evagash would not be returning to his position because of his medical condition, the Allderdice position was, nonetheless, a temporary position.

As found by the Board, Harris offered Horvath a permanent position at McNaugher. Horvath declined the position. Because Horvath rejected an "ap-

---

**5.** Horvath lists four issues in his brief: (1) whether the Board's findings are supported by substantial evidence; (2) whether the Board's conclusions of law include legal error; (3) whether the procedure before the Board was contrary to statute; and (4) whether Horvath's constitutional rights were violated. Horvath's brief essentially argues the first three issues together.

propriate offer of reinstatement," the District did not have an obligation to offer him further employment.

Moreover, although Horvath maintains Harris did not inform him that he would lose all of his seniority rights if he refused the McNaugher position, the Board credited Harris's testimony that she did so inform Horvath. The local agency determines the credibility and weight afforded the evidence. *Madeja v. Whitehall Township,* 73 Pa.Cmwlth. 34, 457 A.2d 603, 606 (1983).

Additionally, Horvath argues that the CBA does not state that an employee loses all of his seniority rights or is subject to termination for declining an appropriate offer of reinstatement. Article 31, Section 9(a) of the CBA states that a new teacher can be hired if a more senior teacher on furlough declines an appropriate offer of reinstatement. Here, the District complied with the CBA by offering other teachers appointments because Horvath had declined the offer of reinstatement at McNaugher.

Next, Horvath argues that his due process rights were violated because the District failed to produce subpoenaed records that would show that Horvath had more seniority than at least two other teachers with the same subject matter certification who were offered employment opportunities before Horvath. The documents Horvath requested include Board minutes of the August 27, 1997, meeting which would establish the correct order of seniority dates of hire and furlough letters sent to Frank Barbera, Robert Colland, Jr., and Michael Miller in August 2009.

The District argues that the Local Agency Law does not require discovery as allowed under the Pennsylvania Rules of Civil Procedure. *See Rhodes v. Laurel Highlands School District,* 118 Pa.Cmwlth.

119, 544 A.2d 562, 564 (1988). A local agency hearing is not governed by the technical rules of civil procedure and evidence, and the Local Agency Law does not mandate the disclosure of documents pursuant to a subpoena request. *See* 2 Pa. C.S. § 554.

Additionally, the requested records did not relate to the substance of the adjudication. Horvath did not challenge his initial furlough in August 2008. Thus, Horvath's request of the Board's minutes from its August 27, 1997, meeting to show that he had more seniority than Barbera, who was not furloughed in August 2008, has no relevance to the substance of the present adjudication.

As to the records regarding the seniority of other teachers, we agree with the District that such documents were not necessary. Specifically, it was not disputed that Colland and Miller, two other industrial arts/technology teachers, were hired after Horvath. It was also not disputed that Colland and Miller received job offers for the 2009–2010 school year while Horvath did not. The failure to provide documents that simply corroborate witness testimony is not a denial of due process.

Accordingly, we affirm.

### ORDER

AND NOW, this *8th* day of *January,* 2014, we hereby affirm the September 4, 2012, order of the Court of Common Pleas of Allegheny County.